Filed 7/28/16

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT


| | |
|---|---|
| NO TOXIC AIR, INC., | H040047 |
| Plaintiff and Respondent, | |
| v. | (Santa Clara County Super. Ct. No. 1-11-CV201900) |
| LEHIGH SOUTHWEST CEMENT COMPANY et al., | |
| Defendants and Appellants. | |


The Permanent Quarry (Quarry) is a 3,510 acre surface mining operation producing limestone and aggregate for the manufacture of cement, and is located in an unincorporated area of Santa Clara County. The Quarry has been in existence since 1903, and is currently owned by Lehigh Southwest Cement Company and Hanson Permanente Cement (collectively "Lehigh").

At issue in this case, is the Santa Clara County Board of Supervisors' (County) 2011 resolution finding that the Quarry's surface mining operations are a legal nonconforming use.

No Toxic Air, Inc. (No Toxic Air) is a non-profit organization that represents residents of Santa Clara County. No Toxic Air filed a petition for peremptory writ of mandate challenging the County's March 1, 2011 resolution granting Lehigh legal nonconforming use status.

The trial court denied No Toxic Air's writ petition, affirming the County's resolution. No Toxic Air appealed the denial of the petition, arguing that the County's determination that the Quarry's surface mining rights were vested, and therefore eligible for legal nonconforming use status, was not supported by the evidence in the administrative record. We affirmed the decision of the trial court in *No Toxic Air, Inc. v. Lehigh Southwest Cement Company et al.* (Jul. 28, 2016, H039547) [nonpub. opn.].

In this appeal, Lehigh challenges the trial court's grant in part of No Toxic Air's motion to tax costs associated with the preparation of the administrative record in the mandate proceedings. Lehigh asserts that as the prevailing party in the mandate proceedings, it is entitled to recoup costs associated with the preparation of the administrative record, including labor costs of paralegals and attorneys to assemble the record. We reverse the decision of the trial court.

### STATEMENT OF FACTS

The Quarry is located at the end of Permanente Road, which is the continuation of Stevens Creek Road in unincorporated Santa Clara County near the western border of the City of Cupertino. Since 1903, the Quarry has been conducting a surface mining operation producing limestone and aggregate.

In 1939, The Permanente Corporation (Permanente) purchased the Quarry property, which at that time consisted of approximately 1,300 acres. In the same year, Permanente received a use permit from the County to construct and operate a cement factory next to the Quarry, using limestone produced from the Quarry. This use permit remains in effect.

From the date of the original purchase in 1939, Permanente expanded the Quarry's operations, opening new mining areas on the property, and acquiring adjacent parcels. At the time of the County's vesting determination in 2011, the Quarry had grown to 3,510 acres consisting of 19 separate parcels.

2

In January 1948, Santa Clara County zoning ordinances went into effect that required use permits for mining operations such as those conduced at the Quarry. By this time, the Quarry was running large scale operations on the property such as mineral extraction, overburden[1] disposal and storage, conveyor systems operations and material processing. During the period between 1948 and 2011 when the County made its vesting determination, Permanente did not seek a use permit for its Quarry operations, and the County did not enforce the zoning ordinances to require the Quarry to acquire a permit.

In fall of 2010, Lehigh, which had become a subsequent owner of the Quarry, applied to the County for a declaration that the mining operations at the Quarry qualified as a legal nonconforming use. In response to the application, the County conducted an investigation of the history of mining operations at the Quarry. The County held a public hearing on February 8, 2011, where it considered records supplied by County staff, and Lehigh, and heard comments from the public. At the end of the hearing, the County concluded that the mining activities at the Quarry qualified as a legal nonconforming use.

The County's decision was finalized in a resolution issued on March 1, 2011. In determining vesting of areas of the Quarry, the County used a mapping system that divided the land into 19 parcels. The County concluded that vested rights to conduct surface mining operations existed as to 13 of the 19 total parcels that make up the Quarry; the County found that there were no vested rights as to the six parcels numbered 4, 10, 13, 18 and 19. In addition, the County found that January 28, 1948 was the first date that the County could have required Permanent to secure a conditional use permit under zoning ordinances in place at

---

[1] Overburden in mining is the "material overlying a deposit of useful geological materials or bedrock." (Merriam-Webster 10th Collegiate Dict. (2001) p. 826.)

that time. Finally, the County also found that Permanente Road was not a public street within the meaning of the original zoning ordinance adopted in 1937, because the road was closed to public traffic in 1935, and surface mining operations began on Quarry property before 1937.

In May 2011, No Toxic Air filed a petition for a peremptory writ of mandate pursuant to Code of Civil Procedure section 1094.5, challenging the Board's March 1, 2011 Resolution. The court denied the writ, and entered judgment in favor of the County and Lehigh. On April 22, 2013, No Toxic Air filed a Notice of Appeal.

Following the trial court's denial of No Toxic Air's petition for peremptory writ of mandate, Lehigh filed a memorandum of costs, seeking to recoup its labor costs for using attorneys and paralegals to assemble the administrative record. The costs did not include attorney fees for the litigation of the writ petition.

No Toxic Air filed a motion to tax costs seeking to strike the labor costs for Lehigh's attorneys and paralegals. No Toxic Air argued that Lehigh's labor costs were impermissible attorney fees, and were not recoverable pursuant Code of Civil Procedure section 1033.5. Lehigh asserted that the labor costs were expenses associated with preparation of the administrative record, and as a result, were properly recoverable under Code of Civil Procedure section 1094.5, subdivision (a).

The court granted No Toxic Air's Motion to Tax Costs with respect to Lehigh's labor costs of its paralegal and attorneys to assemble and organize the administrative record. The court denied the motion on all other grounds. The court stated: "In this particular case, I think the fees were reasonable. I think they were necessary and essential. I just couldn't find an appellate decision that would support me."

4

Lehigh filed a notice of appeal following the trial court's grant of No Toxic Air's motion to tax costs.

**DISCUSSION**

Lehigh asserts that the trial court erred in granting No Toxic Air's motion to tax costs to strike the attorney and paralegal expenses Lehigh incurred to prepare the administrative record for the writ of mandate proceedings. Code of Civil Procedure section 1094.5, subdivision (a) provides, in relevant part, "[i]f the expense of preparing all of any part of the record has been borne by the prevailing party, the expense shall be taxable as costs." (Code Civ. Proc., § 1094.5, subd. (a).)

"Whether a particular cost to prepare an administrative record was necessary and reasonable is an issue for the sound discretion of the trial court. [Citations.] Discretion is abused only when, in its exercise, the court 'exceeds the bounds of reason, all of the circumstances being considered.' [Citation.] The appellant has the burden of establishing an abuse of discretion." (*River Valley Preservation Project v. Metropolitan Transit Development Board* (1995) 37 Cal.App.4th 154,181 (*River Valley*).) Where "the determination of whether costs should be awarded is an issue of law on undisputed facts, we exercise de novo review." (*City of Long Beach v. Stevedoring* (2007) 157 Cal.App.4th 672, 678.)

Here, the trial court specifically found that the labor costs for the attorneys and paralegals were reasonable, and necessary for the compilation of the large administrative record. However, the court decided not to award the fees, because it was constrained by the lack of an appellate decision allowing such an award. The court noted: "I want to say that as far as the attorney's fees that were charged for this extraordinarily large record, I don't understand how either party could really adequately prepare a transcript without legal—without having the attorneys be part of that. It would not have been possible. I think it was not just necessary,

5

it was essential.  It is only the caution of having no appellate decision.  [¶] In this particular case, I think the fees were reasonable. I think they were necessary and essential.  I just couldn't find an appellate decision that would support me."

Lehigh notes that parallel California Environmental Quality Act (CEQA) case law supports its interpretation of Code of Civil Procedure section 1094.5, subdivision (a) allowing the recovery of costs associated with the production of the administrative record.  Specifically, Lehigh notes that under the CEQA provision found in Public Resources Code section 21167.6, subdivision (b)(1), courts awarded labor costs to the prevailing party in an administrative action (see, e.g., *River Valley, supra,* 37 Cal.App.4th 154, 181; [allowing recovery of labor costs of paralegal and engineer to prepare an administrative record]; see also *California Oak Foundation v, Regents of University of California* (2010) 188 Cal.App.4th 227, 294-295 [implying that the labor costs of attorneys may also be recoverable]; *Wagner Farms, Inc. v. Modesto Irr. Dist.* (2006) 145 Cal.App.4th 765, 778-779 [discussing the cost of labor to assemble and organize the record of proceedings as costs].)

Since the filing of the briefs in this case, the Fourth District Court of Appeal definitively ruled on the issue of the recovery of the labor costs of attorneys and paralegals in the creation of the administrative record in *Otay Ranch, L.P. v. Count of San Diego* (2014) 230 Cal.App.4th 60 (*Otay Ranch*).  In *Otay Ranch*, the county undertook to prepare the administrative record in a CEQA action.  Initially, it sought the help of experienced paralegals, document clerks and an electronic record vendor to complete the task.  However, as the project progressed, the county found that the complexity of the documents necessitated the assistance of attorneys to review and organize the final complete record.  (*Id.* at p. 65)

6

At the conclusion of the case, the county submitted a memorandum of costs requesting reimbursement of the labor costs for attorneys and paralegals to prepare the administrative record. Otay Ranch filed a motion to tax costs as to the attorney and paralegal expenses, arguing that these were attorney fees not authorized by contract, statute or other law. The trial court denied the motion to tax costs, finding that the labor costs were reasonably incurred for the production of the record, and that because labor costs are otherwise recoverable, the same result should apply to costs for attorneys. The Court of Appeal affirmed the trial court, stating: "[W]e see no reason to differentiate between those actual labor costs and actual labor costs for agency staff and document clerks to prepare an administrative record. Nor do we see a reason to differentiate between labor costs incurred by individuals directly employed by a public agency and those incurred by individuals employed by a private law firm retained by the agency, so long as the trial court determines, as it did here, the labor costs were reasonably and necessarily incurred for preparation of the administrative record. To hold otherwise would undermine the statutory policy of shifting the costs and expenses of preparing an administrative record away from the public and to the private individual or entity bringing the lawsuit. (Code Civ. Proc., §§ 1094.5, subd. (a), 1094.6, subd. (c); see *River Valley, supra,* 37 Cal.App.4th at p. 182.)." (*Otay Ranch,* (*supra*) 230 Cal.App.4th at 70-71.)

Although *Otay Ranch* is a CEQA action, the rationale for the recovery of attorney labor costs is equally applicable to the present case. Here, Lehigh argues, as did Otay Ranch, that the costs associated with attorney labor are not recoverable because they are attorney fees not covered by contract, statute or other law. However, the labor costs for attorneys and paralegals should be considered the same as other labor costs incurred to create the administrative record. Moreover,

7

here, the trial court found that the attorney and paralegal labor costs were reasonable and appropriate for the complexity and size of the record.

Here, the trial court granted No Toxic Air's motion to tax costs only because it found that there was no appellate authority allowing the recovery of attorney labor costs. Following the rationale of *Otay Ranch*, we hold that labor costs for attorneys and paralegals to prepare the administrative record are recoverable as expenses under Code Civil Procedure, section 1094.5, subd. (a).

## DISPOSITION

We reverse the order of the trial court granting No Toxic Air's motion to tax costs.

Costs are awarded to Lehigh.

_____
RUSHING, P.J.

WE CONCUR:

_____
PREMO, J.

_____
ELIA, J.

*No Toxic Air, Inc. v. Lehigh Southwest Cement Company et al.*
**H040047**

Trial Court:                          Santa Clara County Superior Court
                                      Superior Court No.:  1-11-CV201900


Trial Judge:                          The Honorable Diane Ritchie



Attorneys for Defendants and          Harrison, Temblador, Hungerford &
Appellants Lehigh Southwest           Johnson
Cement et al.:
                                      Mark D. Harrison
                                      Sean K. Hungerford
                                      Adam K. Guernsey




Attorneys for Plaintiff and Respondent   Law Offices of Stuart M. Flashman,
No ToxicAir, Inc.:
                                      Stuart M. Flashman


*No Toxic Air, Inc. v. Lehigh Southwest Cement et al.*
**H040047**