Filed 6/16/26  Manighalam v. City of Yorba Linda CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SHAHRAM MANIGHALAM et al., | |
| Plaintiffs and Appellants, | G064764 |
| v. | (Super. Ct. No. 30-2021-01222864) |
| CITY OF YORBA LINDA, | |
| Defendant and Respondent. | O P I N I O N |

Appeal from a judgment and orders of the Superior Court of Orange County, Melissa R. McCormick and Shawn Nelson, Judges. Affirmed.

Shahram Manighalam et al., in pro. pers., for Plaintiffs and Appellants.

Rutan & Tucker and Todd O. Litfin for Defendant and Respondent.

\*          \*          \*

The City of Yorba Linda (the City) notified Shahram Manighalam et al. (Manighalam) of two code violations at his townhome (the Property). The first violation concerned unpermitted gas and electric lines leading to an outdoor barbeque. The second violation concerned unpermitted exterior floodlights. Manighalam appealed to the City's Building Board of Appeals (the Board). Following a hearing, the Board upheld the violations.

Manighalam filed a petition for a writ of mandate in the trial court challenging the Board's rulings. The court denied the petition. The court found the Board's rulings were supported by substantial evidence and awarded costs to the City. Manighalam filed a motion to vacate judgment, and a motion to quash/tax costs. The court denied the postjudgment motions because they were not filed within the relevant deadlines. (See Code Civ. Proc., § 663a, subd. (a)(2) [1]; Cal. Rules of Court, rule 3.1700(b)(1).)

Manighalam challenges the trial court's denial of his petition for a writ of mandate, and the denial of his postjudgment motions. We affirm the judgment and the orders of the trial court.

I.

FACTS AND PROCEDURAL BACKGROUND

On August 13, 2020, Manighalam purchased the Property, which included a detached brick-and-mortar barbeque on the patio.

On October 5, 2020, Manighalam contacted Southern California Gas Company (SCGC) to reconnect an old gas line running from the home's garage to the barbeque that had been disconnected years earlier. SCGC did

_____

[1] Further undesignated statutory references are to the Code of Civil Procedure.

2

not perform the requested work because its technician determined that the gas line was not properly connected from the home to the barbeque and the gas line was not permitted.

On October 21, 2020, the City received an e-mail concerning a strong smell of gas coming from rear yard of the Property. The City made multiple requests of Manighalam to conduct an on-site inspection of the Property, but he refused.

On March 2, 2021, the City obtained an inspection warrant, which the City executed the following day. The inspection of the Property revealed there were gas and electric lines running from the home to the barbeque. (See Appendix One.) The City found that no permits had been obtained for these gas and electric lines.

On March 15, 2021, the City issued a notice of violation. The City required Manighalam to secure permits, and then allow an inspection of the Property to confirm that the gas and electric lines were now in compliance with the relevant City Building Codes. The City also gave Manighalam an option to secure a permit to properly seal off and abandon the gas and electric lines. Manighalam appealed to the Board from the notice of violation. Manighalam maintained that building permits may have been issued when the Property was built in 1978, and the City had no evidence showing the gas and electric lines were not permitted as part of the initial construction.

On March 29, 2021, the City received an e-mail concerning two exterior floodlights Manighalam had installed on the Property. The City found no permits for the new light fixtures. The City sent Manighalam a notice of violation. Manighalam appealed to the Board from the notice of violation. Manighalam maintained that the light fixtures were exempt from

3

permitting requirements. (See Appendix Two.)

On June 24, 2021, the Board convened a hearing regarding the two violations via teleconference. Manighalam was present and represented by counsel. The building official who inspected the Property presented reports, and then responded to questions by the Board members and by counsel. Manighalam was then given an opportunity to make a presentation and take questions.

The Board ultimately adopted a resolution "upholding the building official's determination to require building permits for unpermitted gas and electrical lines serving a rear yard barbeque structure . . . ." (Boldface & capitalization omitted.) The Board found that "photographs of the gas line leading from the clothes dryer in the appellant's garage, through the garage wall and into patio slab leading to the barbeque structure, clearly indicate that the barbeque structure is served by a gas line."

"Similarly, the photographic evidence collected by the City's inspection of the property shows a non-weather rated, non-compliant electrical outlet built into the right side of the barbeque structure." The Board found no evidence that the gas and/or the electrical lines "were permitted as part of the original house construction."

The Board also adopted a resolution "upholding the building official's determination to require building permits for unpermitted replacement floodlights . . . at [the Property]." (Boldface & capitalization omitted.) The Board found that "photographs of the exterior electrical light fixtures attached to the outside of the appellant's home confirm that said light fixtures have been installed" and there was no "evidence to support that said light fixtures have been permitted." The Board noted that "the

4

applicable code sections are intended to protect the public health, safety and welfare by ensuring that the installation of electrical light fixtures meets the . . . standards for energy conservation purposes, and for the protection of life and property due to potential fire and/or electrical shock hazard from improper installation."

*Court Proceedings*

On September 22, 2021, Manighalam filed a petition for writ of mandate seeking to set aside the Board's resolutions concerning both the unpermitted gas and electric lines, and the light fixtures.

On January 14, 2022, Manighalam filed a request with the court asking the City "to prepare a complete record of the administrative proceedings between the parties pursuant to . . . § 1094.6(c)."

On July 27, 2023, the trial court (the Honorable Judge Melissa R. McCormack) conducted a court trial. The court filed a minute order denying Manighalam's petition for a writ of mandate.

On August 15, 2023, the City filed a proposed judgment with the trial court and served Manighalam's counsel. Manighalam did not object to the proposed judgment.

In February and March 2024, the City's counsel made inquiries of the trial court as to why the proposed judgment had not yet been signed (Judge McCormack had apparently been transferred to a different courtroom). On April 10, 2024, and again on April 16, 2024, the City resubmitted the proposed judgment. The language of the resubmitted proposed judgments was the same as the original proposed judgment filed on August 15, 2023.

On April 16, 2024, the trial court (Judge McCormack) signed the judgment, dismissing the writ of mandate with prejudice, and awarding costs to the City "pursuant to timely filed memoranda and any motions."

On April 18, 2024, the City served Manighalam's counsel with a written notice of the entry of judgment.

On April 29, 2024, the City filed a memorandum of costs for $10,314.41 ($455.00 filing fees, $274.01 photocopies, and $9,585.40 to prepare the administrative record). On that day, the City served the memorandum of costs on Manighalam's counsel.

On May 13, 2024, Manningham attempted to file a motion (in pro. per.) to vacate judgment and a motion to substitute counsel of record (the superior court reviewed and rejected the electronic filings).

On May 16, 2024, Manningham filed a motion captioned: "Petitioners' notice of errata re: 'notice of motion and motion to vacate judgment and notice of entry of judgment and quash memorandum of costs; in the alternative, to tax memorandum of costs filed by respondent City of Yorba Linda.'" (Boldface & Capitalization omitted.)

On May 29, 2024, Manighalam filed a motion to disqualify the Honorable Judge Layne H. Melzer, who had been reassigned the case.

On May 30, 2024, Manighalam filed a motion captioned: "Notice of motion and motion to vacate judgment and vacate notice of entry of judgment and quash memorandum of costs; in the alternative, to tax memorandum of costs filed by respondent, City of Yorba Linda." (Boldface & capitalization omitted.)

On May 31, 2024, the case was reassigned from Judge Melzer to Judge Shawn Nelson.

On October 3, 2024, the trial court (Judge Nelson) denied the motion to vacate judgment and the motion to quash/tax costs because they were not timely filed.

## II.

## DISCUSSION

Manighalam claims that the trial court erred by (A) denying his petition for a writ of mandate and (B) by denying his postjudgment motions to vacate the judgment and quash/tax costs. We disagree.

### A. Petition for Writ of Mandate

A court of appeal applies the substantial evidence standard when evaluating a trial court's findings in granting or denying a writ of mandate. (*City of San Diego v. San Diego City Employees' Retirement System* (2010) 186 Cal.App.4th 69, 78.) "In both jury and nonjury trials, factual findings made by the trier of fact are generally reviewed for substantial evidence." (*Ermoian v. Desert Hospital* (2007) 152 Cal.App.4th 475, 500–501.)

The substantial evidence standard of "review begins and ends with the determination as to whether, on the entire record, there is substantial evidence, contradicted or uncontradicted, which will support the trial court's factual determinations." (*Ermoian v. Desert Hospital, supra,* 152 Cal.App.4th at p. 501.) "[S]ubstantial evidence review is deferential to the ruling below—and makes it difficult to show reversible error—due to the prism through which it mandates we review the evidence: We must resolve all conflicts in the evidence in favor of the ruling below [citation], must draw all reasonable inferences from that evidence in favor of the ruling below

[citation], and may not reweigh the evidence or any credibility findings."
(*Estate of Berger* (2023) 91 Cal.App.5th 1293, 1307.)

"In so doing, we accept all evidence that supports the judgment, disregard contrary evidence, and draw all reasonable inferences to uphold the judgment. [Citation.] 'It is not our role to reweigh the evidence, redetermine the credibility of the witnesses, or resolve conflicts in the testimony, and we will not disturb the judgment if there is evidence to support it.'" (*Slone v. El Centro Regional Medical Center* (2024) 106 Cal.App.5th 1160, 1173.)

The California Building Code states: "Any owner or owner's authorized agent who intends to construct, enlarge, alter, repair, move, demolish or change the occupancy of a building or structure, or to erect, install, enlarge, alter, repair, remove, convert or replace any *electrical*, *gas*, mechanical or plumbing system, the installation of which is regulated by this code, or to cause any such work to be performed, shall first make application to the building official and obtain the required permit." (Cal. Code Regs., tit. 24, § 105.1, italics added.)

### 1. Unpermitted Gas and Electric Lines

An owner is responsible for existing code violations on his or her property, even if he or she did not create the violation. (Civ. Code, § 3483 ["Every successive owner of property who neglects to abate a continuing nuisance upon, or in the use of, such property, created by a former owner, is liable therefor in the same manner as the one who first created it"].)

At the Board hearing, the building inspector stated that the City had searched their records and could not find a building permit for the gas and electric lines. Manighalam argued that it was possible that the gas and

8

electrical lines may have been part of the original construction in 1978, and therefore the lines may have been permitted at that time. However, the building inspector stated that based on his 40 years of experience as a building inspector, as well as his research of the Property records, it was likely that the Property did not originally include the exterior barbeque because the home was not a model unit.

That is, based on the evidence, it is a reasonable inference that the barbeque and the gas and electrical lines to the home were installed after the initial construction of the Property, and the City's search of the records revealed that the gas and electric lines were installed without a permit.

In short, there is substantial evidence supporting the Board's rulings regarding the unpermitted gas and electric lines. (See *Slone v. El Centro Regional Medical Center, supra,* 106 Cal.App.5th at p. 1173 [we "draw all reasonable inferences to uphold the judgment"].)

*2. Unpermitted Light Fixtures*

The California Building Code states: "Exemption from permit requirements of this code shall not be deemed to grant authorization for any work to be done in any manner in violation of the provisions of this code or any other laws or ordinances of this jurisdiction. Permits shall not be required for the following: [¶] . . . [¶] Electrical [¶] Minor repair work, including the replacement of lamps or the connection of approved portable electrical equipment to approved permanently installed receptacles." (Cal. Code Regs., tit. 24, § 105.2.)

At the hearing, when asked questions by the Board members, Manighalam described how he took out the original light fixtures, and then

9

connected electrical wires to the new light fixtures before putting them behind the stucco walls. Manighalam argued at the hearing that this constituted minor repair work that did not require a permit, but as one of the Board members pointed out: "The wires are out. Once you attach the conductors that are attached back to the main service panel, that is not simply plugging into a receptacle that's far more."

In short, there is substantial evidence supporting the Board's ruling that Manighalam's installation of the two light fixtures went beyond minor repair work (changing bulbs), and the installations required building permits. (*Estate of Berger*, *supra*, 91 Cal.App.5th at p. 1307 ["We must resolve all conflicts in the evidence in favor of the ruling below"].)

### 3. Conclusion

As we have analyzed, there is substantial evidence supporting the Board's rulings, which found Manighalam in violation of the City's Building Codes regarding the unpermitted gas and electric lines, as well as the unpermitted light fixtures. Thus, we uphold the ruling of the trial court, which denied Manighalam's petition for writ of mandate seeking to vacate the Board's rulings.

Manighalam argues that the administrative record included additional pages that were not before the Board. But prior to the court trial on the writ proceeding, Manighalam filed a request asking the City "to prepare a complete record of the administrative proceedings between the parties pursuant to . . . § 1094.6(c)."

"The complete record of the proceedings shall be prepared by the local agency or its commission, board, officer, or agent which made the

decision and shall be delivered to the petitioner within 190 days after he has filed a written request therefor. The local agency may recover from the petitioner its actual costs for transcribing or otherwise preparing the record. Such record shall include the transcript of the proceedings, all pleadings, all notices and orders, any proposed decision by a hearing officer, the final decision, all admitted exhibits, all rejected exhibits in the possession of the local agency or its commission, board, officer, or agent, all written evidence, and any other papers in the case." (§ 1094.6, subd. (c).)

Here, we have reviewed the administrative record. The City complied with *Manighalam's request* to prepare an administrative record under the relevant provision of the Code of Civil Procedure. Manighalam has not shown any errors by the City (or the trial court). Indeed, we note that in his briefing Manighalam repeatedly cites to the administrative record.

Manighalam also argues that he was denied due process at the Board hearing for various reasons, including that: the Board failed to administer oaths to witnesses, he lacked notice of the hearing procedures, and he was denied a meaningful opportunity to be heard. But Manighalam did not raise these concerns during the administrative hearing, so they have been forfeited for purposes of appellate review. (See *Hand v. Board of Examiners* (1977) 66 Cal.App.3d 605, 613.)

In any event, these claims fail on their merits. The Board was not required to administer oaths to witnesses. (See *Gikas v. Zolin* (1993) 6 Cal.4th 841, 859 ["'Technical rules of evidence do not apply to administrative hearings'"].) Further, the record reveals that Manighalam received notice of the hearing procedures more than two weeks prior to the hearing. And the administrative record reflects that Manighalam was given an opportunity to

11

present his case with counsel at the hearing, he responded to questions from various Board members, and he was given the opportunity to examine the City's only witness, the building inspector.

To reiterate and conclude, Manighalam has not demonstrated that the trial court erred in denying his petition for a writ of mandate.

## B. Motion to Vacate Judgment and Motion to Quash/Tax Costs

A trial court's rulings on a motion to vacate a judgment, and a motion to vacate/tax costs, are reviewed for an abuse of discretion. (*Uriarte v. United States Pipe & Foundry Co.* (1996) 51 Cal.App.4th 780, 790; *Valenti v. City of San Diego* (2023) 94 Cal.App.5th 218, 231.) "An exercise of discretion will be disturbed on appeal only if the court exercised it in an arbitrary, capricious, or patently absurd manner resulting in a manifest miscarriage of justice." (*Baltayan v. Estate of Getemyan* (2001) 90 Cal.App.4th 1427, 1434.)

### 1. Motion to Vacate Judgment

"A judgment or decree, when based upon a decision by the court, or the special verdict of a jury, may, upon motion of the party aggrieved, be set aside and vacated by the same court . . . ." (§ 663.)

A motion to vacate judgment must be filed within 15 days of service of the written notice of entry of judgment. (§ 663a, subd. (a)(2).) The 15-day deadline under section 663a, subdivision (a), is jurisdictional. (*Conservatorship of Townsend* (2014) 231 Cal.App.4th 691, 702 ["The time period to file a motion to vacate is jurisdictional and cannot be extended due to mistake, inadvertence, surprise, or excusable neglect"].)

"The time in which any act provided by law is to be done is

12

computed by excluding the first day, and including the last, unless the last day is a holiday, and then it is also excluded." (§ 12.)

On April 18, 2024, the notice of entry of judgment was served by the City on Manighalam's attorney. The 15-day deadline therefore expired on May 3, 2024. (See § 12.) Manighalam attempted to file a motion (in pro. per.) to vacate judgment on May 13, 2024, and refiled the motion (in pro. per.) to vacate judgment on May 16, 2024. However, Manighalam filed these documents past the mandatory deadline.

Thus, the trial court properly denied Manighalam's motion to vacate judgment on the basis that it was untimely; further, the court had no jurisdiction to consider the merits of the motion. (See *Garibotti v. Hinkle* (2015) 243 Cal.App.4th 470, 479; *Conservatorship of Townsend, supra,* 231 Cal.App.4th at p. 702.)


*2. Motion to Quash/Tax Costs*

"Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." (§ 1032, subd. (b).)

Recoverable costs include filing fees, cost of photocopies, and costs incurred in the preparation of an administrative record. (§ 1033.5, subd. (a)(1) & (13); *No Toxic Air, Inc. v. Lehigh Southwest Cement Co.* (2016) 1 Cal.App.5th 1136, 1142 ["labor costs for attorneys and paralegals to prepare the administrative record" are recoverable as expenses].)

"A prevailing party who claims costs must serve and file a memorandum of costs within 15 days after the date of service of the notice of entry of judgment . . . . The memorandum of costs must be verified by a

13

statement of the party, attorney, or agent that to the best of his or her knowledge the items of cost are correct and were necessarily incurred in the case." (Cal. Rules of Court, rule 3.1700(a)(1).)

"[T]he verified memorandum of costs is prima facie evidence of their propriety, and the burden is on the party seeking to tax costs to show they were not reasonable or necessary." (*612 South LLC v. Laconic Limited Partnership* (2010) 184 Cal.App.4th 1270, 1285.) Merely objecting to a requested cost does not shift the burden to the requesting party to demonstrate its costs were reasonable and necessary. *(Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 856.) Where a party offers no evidence to support its challenge to the opposing party's requested costs, it has not sustained its burden of proof to show the claimed costs were unnecessary. (*Jones v. Dumrichob* (1998) 63 Cal.App.4th 1258, 1266.)

"Any notice of motion to strike or to tax costs must be served and filed 15 days after service of the cost memorandum." (Cal. Rules of Court, rule 3.1700(b)(1).) "The time in which any act provided by these rules is to be performed is computed by excluding the first day and including the last, unless the last day is a Saturday, Sunday, or other legal holiday, and then it is also excluded." (Cal. Rules of Court, rule 1.10(a).)

On April 29, 2024, the City filed a memorandum of costs totaling $10,314.41 ($455.00 filing fees, $274.01 photocopies, and $9,585.40 to prepare the administrative record). On that day, the City served the memorandum of costs on Manighalam's counsel. The 15-day deadline therefore expired on May 14, 2024. (See Cal. Rules of Court, rule 1.10(a).) Manighalam filed his first motion to quash/tax costs on May 16, 2024. However, that was beyond the 15-day deadline.

14

Thus, the trial court properly denied Manighalam's motion to quash/tax costs because it was untimely. (See Cal. Rules of Court, rule 3.1700(b)(1).) In any event, the City submitted a verified memorandum of costs, but Manighalam did not submit a declaration, or any other evidence, to show that the City's claimed costs were unnecessary. (*612 South LLC v. Laconic Limited Partnership, supra,* 184 Cal.App.4th at p. 1285 ["the burden is on the party seeking to tax costs to show they were not reasonable or necessary"].) Thus, the trial court's ruling was also correct on the merits.

To reiterate and conclude, we find the trial court did not err when it denied the petition for a writ of mandate, the motion to vacate judgment, and the motion to quash/tax costs.[2]

---

[2] At oral argument, Manighalam accused several trial judges and opposing counsel of collusion and other improprieties. When asked about this, Manighalam could not identify evidence showing any misconduct. We understand Manighalam is disappointed in the outcome of this litigation. But we also have a professional responsibility to caution him against making unsupported attacks on the integrity of the court, its judges, and its officers. (See *N.D. v. Superior Court* (2026) 117 Cal.App.5th 1292, 1296 ["duty to ""protect the integrity of [the] court"""], 1300 [condemning personal attacks against trial judge made without evidence].)

## III.

## DISPOSITION

The trial court's judgment and orders in favor of the City are affirmed. Costs on appeal are awarded to the City.


MOORE, ACTING P. J.

WE CONCUR:


GOODING, J.


SCOTT, J.













